**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAMIRO PERDOMO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, PIKE COUNTY CORRECTIONAL FACILITY,<br><br>Respondent. | : | Civil No. 1:26-CV-00947<br><br><br><br><br><br><br><br>Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Ramiro Perdomo ("Perdomo"). (Doc. 1.) Perdomo argues that the length of his detention is unconstitutional and violates due process, he had ineffective assistance of counsel at his immigration proceedings, and that the immigration judge failed to examine the record in denying his asylum claim. For the reasons that follow, the court will grant his petition as to the length-of-detention issue and dismiss the remaining claims in the petition for lack of jurisdiction.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Perdomo is a native and citizen of Honduras. (Doc. 8-3, p. 2.)[1] He entered the United States in 1996 at an unknown location without being admitted, inspected, or paroled by an immigration official. (*Id.* at 3.) On January 19, 1999,

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

Perdomo filed an application for temporary protected status ("TPS"), which was approved on July 29, 1999, giving him TPS through July 5, 2000. (*Id.* at 3–4.) Perdomo renewed his TPS status multiple times but on September 25, 2025, the United States Citizenship and Immigration Services terminated Perdomo's TPS. (*Id.* at 4.)

On October 25, 2025, Perdomo was encountered by immigration officers, arrested, and issued a notice to appear pursuant to the Immigration and Nationality Act ("INA") §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I). (Doc. 8-2; Doc. 8-3, p. 3.) On March 17, 2026, an immigration judge denied Perdomo's applications for relief, found him removable and inadmissible under Sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the INA, and ordered him removed to Honduras. (Doc. 8-4.) Perdomo appealed the immigration judge's removal order to the Board of Immigration Appeals, which remains pending. (Doc. 8-5.)

## Standard of Review

Pursuant to 28 U.S.C. § 2241(c)(3), a district court may consider a writ of habeas corpus when an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States." Claims related to an immigration detainee's request for release from confinement must be brought as a habeas petition as these "claims fall within the 'core' of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 167

(2022)). Jurisdiction for "core habeas petitions . . . lies in only one district: the district of confinement." *Id.* (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)) (internal quotations omitted). Perdomo is detained at the Pike County Correctional Facility, which is within the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b).

## DISCUSSION

In his petition, Perdomo sets forth a variety of arguments. He argues that his length of detention is unconstitutional and violates his Due Process rights. (Doc. 1, p. 2; Doc. 10.) Perdomo further argues that he had ineffective assistance of counsel at his immigration proceedings, and there was a failure to review the evidentiary record by the immigration judge for his asylum claims. (Doc. 1, pp. 2–7.) In his request for relief, he asks the court to overturn the immigration judge's denial of his asylum claims, remand his case for a new hearing before a different immigration judge, and provide him with a new immigration attorney. (*Id.* at 8.)

In opposition, Respondent argues that the court lacks jurisdiction to intervene in Perdomo's removal proceedings and that Perdomo has yet to exhaust his administrative remedies. (Doc. 8, pp. 5–8.) Respondent mentions that Perdomo is detained pursuant to 8 U.S.C. § 1225(b)(2), but does not set forth any arguments in response to Perdomo's unconstitutional detention claim. (Doc. 8, p. 5.)

**A. The court lacks jurisdiction over Perdomo's removal-based claims.**

The INA was amended by Congress to add Sections 1252(b)(9) and (g) to Title 8 to "prevent removal proceedings from becoming 'fragment[ed], and hence prolong[ed].'" *Tazu v. Att'y Gen.*, 975 F.3d 292, 296 (3d Cir. 2020) (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999)). These sections funnel "most claims that even relate to removal" into one proceeding starting with a petition for review of a final removal order before the court of appeals. *Id.* (citing *E.O.H.C. v. Sec'y U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 180 (3d Cir. 2020)). Section 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including Section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Thus, if a noncitizen challenges the commencement of proceedings, the adjudication of his case, or the execution of a removal order, Section 1252(g) "funnels jurisdiction over that challenge into a petition for review in a single court of appeals" regardless of whether it is a constitutional or statutory challenge. *Tazu*, 975 F.3d at 296 (citations omitted). Similarly, Section 1252(b)(9) strips district courts of jurisdiction of "all question of law and fact . . . *arising from any action taken* or *proceeding brought* to remove an alien from the United States" and

requires these questions to be raised in a petition for review. *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026) (quoting 8 U.S.C. § 1252(b)(9)) (emphasis in original).

Accordingly, the court agrees with Respondent that the court lacks jurisdiction to review Perdomo's claims related to ineffective assistance of counsel at his immigration proceedings and the alleged failure of the immigration judge to review the evidentiary record for his asylum claims. Thus, the court cannot grant him the associated relief he requests and will dismiss these claims for lack of jurisdiction.

**B. The court finds that Perdomo's detention is unconstitutional and will grant his petition in this regard.**

Although Respondent does not set forth any arguments regarding Perdomo's detention, Respondent indicated that Perdomo is detained pursuant to 8 U.S.C. § 1225(b)(2). Thus, the court will analyze Perdomo's unconstitutional and prolonged detention argument from this viewpoint.[2]

Section 1225 of the INA is titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing." 8 U.S.C. § 1225. It defines "applicant for admission" as "[a]n alien present in the United

[2] In analyzing this issue, the court considers the arguments that Respondent has made numerous times in responding to habeas petitions before this court raising unconstitutional detention under Section 1225(b)(2).

States who has not been admitted or who arrives in the United States . . . ." *Id.* § 1225(a)(1). Section 1225(b)(2)(A) provides:

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

Noncitizens subject to this mandatory detention may only be released while their removal proceedings are pending "for urgent humanitarian reasons or significant public benefit." *Jennings*, 583 U.S. at 288. The BIA recently decided *Matter of Yajure Hurtado*, 29 I. & N. Dec. 2016 (Sept. 5, 2025), wherein the BIA held that noncitizens who enter the United States without admission are subject to mandatory detention under Section 1225(b)(2)(A), and thus, immigration judges lack the authority to provide a bond hearing.

Conversely, 8 U.S.C. § 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
> (a) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (b) conditional parole; but
>
> (3) may not provide the alien with work authorization (including an 'employment authorized' endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent

> residence or otherwise would (without regard to removal proceedings) be provided such authorization.

Perdomo is detained pursuant to Section 1225(b)(2)(A) and there is no information in the records to suggest that Perdomo is subject to Section 1226(c).[3] (*See* Docs. 1, 10; Doc. 8, p. 5.)

The Second, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuit Courts of Appeals and federal district courts across the country and within this district have, overwhelmingly, rejected Respondent's position regarding the applicability of Section 1225(b)(2)(A) to detainees like Perdomo, a noncitizen who previously entered and had been living in the United States prior to his detention.[4] *See, e.g.*, *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026) (holding that petitioner's "detention is governed by Section 1226(a), not Section 1225(b)(2)(A)"); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026) (same); *Cirrus Rojas v. Olson*, No. 25-3127, ---F.4th----, 2026 WL 2198315 (7th Cir. July 30, 2026) (same); *Rodriguez Vazquez*, No. 25-6842, ---F.4th----, 2026 WL 2196424 (9th Cir. July 30, 2026) (same); *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026) (same); *Hernandez Alvarez v. Warden, Federal Detention Ctr.*

---

[3] Section 1226(c) requires detention of noncitizens who are inadmissible or deportable because they have committed a criminal offense identified in this section. 8 U.S.C. § 1226(c).

[4] The court acknowledges that there are some district courts, as well as the Fifth and Eighth Circuit Courts of Appeals, who have agreed with Respondent's usual interpretation of Section 1225. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). However, none of these decisions are binding on this court.

*Miami*, 175 F. 4th 1258 (11th Cir. 2026) (same); *Hernandez v. Kunes*, No. 1:25-cv-1847, 2026 WL 411726 (M.D. Pa. Feb. 13, 2026) (Wilson, J.) (holding Section 1225(b) was inapplicable to petitioner); *Santana-Rivas v. Warden of Clinton Cnty. Corr. Facility*, No. 3:25-cv-1896, 2025 WL 3513152 (M.D. Pa. Dec. 8, 2025) (Wilson, J.) (adopting report and recommendation finding that Section 1225 was inapplicable to petitioner); *Patel v. O'Neil*, No. 3:25-cv-2185, 2025 WL 3516865, at *4 n.7 (M.D. Pa. Dec. 8, 2025) (collecting cases within the Third Circuit as of December 8, 2025); *Quispe v. Rose*, 3:25-cv-2276, 2025 WL 3537279 (M.D. Pa. Dec. 10, 2025) (holding that petitioner was improperly detained under Section 1225(b)(2)(A)); *Patel v. O'Neill*, 3:25-cv-2289, 2026 WL 323121 (M.D. Pa. Feb. 6, 2026) (same). "The vast majority of courts confronting this precise issue have rejected the Government's interpretation, and the BIA's interpretation of *Hurtado*, as contradictory to the plain text of § 1225." *Demirel*, 2025 WL 3218243 (citing *Ayala Amaya v. Bondi*, No. 25-16429, 2025 WL 3033880, at *2 (D.N.J. Oct. 30, 2025) (collecting cases)).

The court is persuaded by and agrees with the Second, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuit Courts of Appeals and the majority of federal district courts that have ruled on this issue to date in rejecting Respondent's interpretation of Section 1225(b)(2)(A). Perdomo's detention under Section 1225(b)(2)(A) is unlawful because Section 1225(b)(2)(A) "applies only to

noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States." *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397, 408 (D.N.J. 2025). Thus, this section simply does not apply to someone like Perdomo, who has been residing in the United States for approximately thirty years. *Id.* (collecting cases adopting the same conclusion).

In reaching this conclusion, the court holds that Respondent's interpretation of "seeking admission" violates the rule against surplusage and contradicts the plain meaning of the statutory text. *Bethancourt Soto*, 807 F. Supp. at 406 (finding that respondents' interpretation "violates the rule against surplusage and negates the plain meaning of the text."); *see also Patel*, 2025 WL 3516865, at *5 (citing *Centeno Ibarra v. Warden of Fed. Det. Ctr. Phila.*, No. 25-cv-6312, 2025 WL 3294726, at *5 (E.D. Pa. Nov. 25, 2025)) (same). If Section 1225(b)(2)(A) applied to every "applicant for admission," the phrase "seeking admission" would become unnecessary and surplusage.[5] *Bethancourt Soto*, 807 F. Supp. 3d at 406–07 (citations omitted); *see also United States ex rel. Polansky v. Exec. Health Res.,*

[5] *Bethancourt Soto*, 807 F. Supp. 3d at 407, provides a helpful example of why Respondent's interpretation violates the rule against surplusage:

> [R]emoving the words "seeking admission" from § 1225(b)(2)(A) would not alter its meaning under Respondents' theory: "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien ~~seeking admission~~ is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained[.]" That result is inconsistent with the principle that courts must interpret a statute to give meaning to "every clause and word" that Congress chose to include. *See* Polansky, 599 U.S. at 432, 143 S.Ct. 1720 (quotation marks omitted).

*Inc.*, 599 U.S. 419 (2023) (explaining that "every clause and word of a statute should have meaning" and "no clause, sentence, or word shall be superfluous, void, or insignificant"). Further, "seeking admission" connotes "some affirmative, present-tense action" such that it "requires an act currently underway not a static condition." *Id.* at *5 (citations omitted). Thus, Respondent's argument that Section 1225(b)(2)(A) does not require any "affirmative act" is contrary to the plain meaning of the words "seeking admission."[6]

Respondent's interpretation also makes Section 1226(c)'s mandatory detention provision superfluous and redundant. *Centeno Ibarra*, 2025 WL 3294726 at *6 ("Under the government's interpretation, § 1225 would require such mandatory detention regardless of criminal charges or convictions. If this was the case, Congress would have no need to create additional requirements for mandatory detention.").

---

[6] Again, the examples provided by the court in *Bethancourt Soto*, 807 F. Supp. 3d at 406–07, are illustrative of why Respondent's argument fails:

> For example, one could deem every person in the country a "potential homebuyer," but they are not "seeking to buy a home," without taking some affirmative action towards that goal. Nor is every "employable adult" in the country "applying for a job," simply because jobs exist. Or, as Judge Ho explained in *Benitez*, "someone who enters a movie theater without purchasing a ticket and then proceeds to sit through the first few minutes of a film would not ordinarily then be described as 'seeking admission' to the theater. Rather, that person would be described as already present there." *Benitez*, —— F.Supp.3d at ——, 2025 WL 2371588, at *7. Further, "[e]ven if that person, after being detected, offered to pay for a ticket, one would not ordinarily describe them as 'seeking admission' ... at that point—one would say that they had entered unlawfully but now seek a lawful means of remaining there." *Id.*

In sum, Perdomo is not currently "seeking admission" to the United States. That was his status in 1996. Therefore, Section 1225(b)(2)(A) does not apply to him as he is not currently "seeking admission" to the United States.

Addressing Perdomo's constitutional claims, it is undisputed that "once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (citations omitted). Thus, the court must determine what process is due to Perdomo, who is currently subject to mandatory detention without a bond hearing, by applying the balancing test in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *Mathews* requires the court to weigh three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

The first factor weighs heavily in Perdomo's favor because the "official action" has deprived him of his physical liberty. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) ("[T]he most elemental of liberty interests—the interest in being

free from physical detention by one's own government."). The second factor similarly swings in Perdomo's favor because he "is presently and *erroneously* detained under the mandatory detention provisions of § 1225, without an opportunity for a bond hearing." *Bethancourt Soto*, 807 F. Supp. 3d at 409 (emphasis in original). As to the third factor, the court recognizes Respondent's interest in detaining noncitizens to ensure "the appearance of aliens at future immigration proceedings" and "preventing danger to the community." *Zadvydas*, 533 U.S. at 690. Still, this factor weighs in favor of Perdomo because Respondent does not contend that he poses a danger to the community or that he is a flight risk. Accordingly, the *Mathews* factors weigh in Perdomo's favor and the court finds that his mandatory detention without a bond hearing under Section 1225(b)(2)(A) violates his procedural due process rights. *See Bethencourt Soto*, 2025 WL 2976572 at *8 ("Taken together, the Court finds that the *Mathews* factors weigh decisively in Petitioner's favor, and as such his mandatory detention under § 1225(b)(2)(A) violates his procedural due process rights.") (citations omitted); *Patel*, 2025 WL 3516865 at *6 (holding same). Thus, the court will grant Perdomo's petition and release him on his own recognizance as he was prior to his detention in October 2025.

## CONCLUSION

For these reasons, the court will grant Perdomo's petition for writ of habeas corpus as to his unconstitutional detention claim and order his immediate release. The court will dismiss all other claims in Perdomo's petition for lack of jurisdiction. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: August 17, 2026